Vernon's Texas Rules Annotated
    Texas Rules of Appellate Procedure
        Appendices to the Texas Rules of Appellate Procedure

TX Rules App.Proc., Appendix D

Appendix D. Certification of Defendant's Right of Appeal

Currentness

No. _____

| | |
|---|---|
| The State of Texas | In the _____ Court |
| v. | of |
| | _____ County, Texas |
| Defendant | |

**TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL** [*]

I certify that this criminal case:

☐     is not a plea-bargain case, and the defendant has the right of appeal;

☐     is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal;

☐     is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal;

☐     is a plea-bargain case, and the defendant has NO right of appeal;

☐     the defendant has waived the right of appeal.

      Judge                               Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2, 68.3. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

      Defendant                             Defendant's Counsel

State Bar of Texas ID number: ......................................

Mailing address: ............................................................. Mailing address: ..............................................................

Telephone number: ......................................................... Telephone number: ..........................................................

Email Address (if any): .................................................. Email Address: ...............................................................

**Credits**

Amended May 2, 2007 and Aug. 20, 2007, eff. Sept. 1, 2007; Sept. 30, 2011, eff. Sept. 30, 2011; Oct. 17, 2011, eff. Oct. 17, 2011; Nov. 5, 2018, eff. Dec. 1, 2018.

**Footnotes**

\*     *See* TEX. R. APP. P. 25.2(a)(2).

\*     "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case--that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant--a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

Rules App. Proc., Appendix D, TX R APP Appendix D

Current with amendments received through January 1, 2021

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.